Pérez, Petitioner, and Appellant, v. Pérez et al., Contestants and Respondents.

Appeal from the District Court of Mayagüez in Dominion Title Proceedings.

Motion of the Contestant-Respondents for Dismissal of the Appeal.

No. ——.—Decided March 24, 1914.

Statement of Case—Bill of Exceptions—Secretary of Court.—Act No. 70 of 1911, amending section 299 of the Code of Civil Procedure, clearly makes it the duty of the secretary of the court in which the statement of the case or bill of exceptions has been filed to submit the same to the trial judge on the same day or the day following without waiting for any action by the parties, in order that he may set a day for the appearance of the parties for the purpose of considering the approval of the statement or bill.

APPEAL—DISMISSAL OF APPEAL.—The mere expiration of the ninety days fixed
by rule 59 for filing the record is not sufficient to warrant the dismissal of
the appeal, but it must be shown also that the appeal is frivolous or has
not been prosecuted with due diligence.

The facts are stated in the opinion.

Mr. *José Benet* for the contestant-respondents.

The petitioner-appellant did not appear.

Mr. Justice Aldrey delivered the opinion of the court

The respondent has filed a motion in this court for dismissal of the appeal taken by the adverse party in this case on the ground that the appellant has taken no steps to perfect his appeal since August 22 last when he filed a statement of the case in the office of the Secretary of the District Court of Mayagüez. From a certificate of the secretary of the said court which accompanies the motion for dismissal it appears that on the said date and within the extension of time granted, the appellant filed a statement of the case which is still pending approval because of the appellant's failure to have the same transmitted for that purpose to Mr. Justice Hutchison, who was the trial judge in the case.

Act No. 70 of 1911 amending section 299 of the Code of Civil Procedure plainly makes it the duty of the secretary of the court in which the statement of the case or bill of exceptions has been filed to submit the same to the trial judge on the same day or the day following, in order that he may set a day for the appearance of the parties for the purpose of his approval of the statement or bill, therefore the secretary should have complied with that duty in this case without waiting for any action by the parties.

As regards the ground alleged in the motion for the dismissal prayed for, we have already held in several cases in construing Rule 59 of this court (*Vega et al.* v. *Rodríguez et al.,* 19 P. R. R., 952; *Belaval* v. *Todd, Mayor of San Juan,* 21 P. R. R., 419) that the mere expiration of the ninety days fixed therein for filing the record is not sufficient to warrant our dismissing the appeal, but that it must be shown besides

that the appeal is frivolous or has not been prosecuted with due diligence. This has not been done in the present case and therefore the motion for dismissal should be

*Overruled.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Hutchison did not sit at the hearing on this motion.